White, J.
We are not satisfied with the instructions of the court to the jury as to the weight to be given to the evidence of the good character of the accused.
The court, in effect, instructed the jury that the law required less weight to be given to such evidence than if the accused were on trial for a crime of a lower grade.
The weight that ought to be given to proof of good character does not depend upon the grade of the crime, but rather upon the cogency and force of the evidence tending to prove the charge, and the motives shown to exist for the commission of the crime by the accused. The presumption of innocence which is raised by such proof varies in force with the circumstances, but not, we apprehend, with the grade of the offence irrespective of the circumstances.
The charge is substantially taken from that given to the jury by Chief Justice Shaw in the case of Commonwealth v. Webster, 5 Cush. 324. That case was peculiar in its circumstances; and we may here remark, that it is unsafe as a general rule, and often calculated to mislead, to adopt a charge prepared for a particular case, and give it as a rule of law to guide juries in weighing evidence in other cases dissimilar in their circumstances.
The distinction taken in Webster’s case, as to the weight that may be given to proof of good character, between cases where the charge is for crime of a higher, and where it is of a lower grade, we have not found recognized in any other case; while its correctness has been denied by the court of *269 appeals of New York. Cancemi v. The People, 16 N. Y. R. 501.
The indictment in Cancemi’s case was for mtirder, and the instruction of the court below to the jury was the same as that given in Webster’s case. The instruction was held to-be erroneous, and to constitute ground for reversing the judgment.
The reasonable effect of proof of good character is to- raise a presumption that the accused was not likely to have committed the crime with which he is charged. The force of this presumption depends upon the strength of the opposing evidence to produce conviction of the truth of the charge. If the evidence establishing the charge is of such a nature as not, upon principles of reason and good sense, to be overcome' by the fact of good character, the latter will, of course, be unavailing and immaterial. But the same will be true of any other fact or circumstance in evidence, which, after receiving its due weight, does not alter the conclusion to be drawn from the other evidence in the case. Good character is certainly no excuse for crime; but it is a circumstance-bearing indirectly on the question of the guilt of the accused, which the jury are to consider in ascertaining the truth of the charge. Hence it has been held, and we think correctly, that it is error for the court,, in a criminal ease, to charge the jury, that, “ in a plain case, a good character would not help the prisoner; but in a doubtful case, he had a right to-have it, cast into the seales¡, and weighed in his behalf.” State v. Henry, 5 Jones' (N. C.) Rep. 66. The true rule was said to be, “that the testimony is-to- go to the jury, and be considered by them in connection with all the- other facts and circumstances; and if they believe the accused to be guilty, they must so find, notwithstanding, his good character.”
We are aware that, in instructing juries, judges have frequently used language in conflict with the ruling in the case cited; but the instructions thus' given have not escaped the just criticism of jurists’ and law writers. Ibid. 67-8; 2 Russ. on Crimes, 786; Whar. Am. Crim. Law, § 644.
*270 Instructions advising the jury of the object for which particular items of evidence are admitted, and cautioning them against being misled by their improper use, are certainly propei’, and are often called for by the circumstances of the ease; but the instructions ought to be so given as neither tc withdraw the evidence from their consideration, nor to restrain them from giving to it, in connection with the other evidence in the case, such weight in respect to the matter which it tends to prove, as, in the light of reason and good sense, they may, as thus advised, believe it to deserve.
Judgment reversed, new trial ordered, and cause remanded
Brinkerhoff, C.J., and Scott, Welch, and Day, JJ., concurred.